■ SAM DE VRIES, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 49451.) — Appeal from a judgment entered June 29, 1970 upon a decision of the Court of Claims. Claimant was awarded $48,140, together with appropriate interest, for the taking of 19.1 acres by the State which bisected his operating dairy farm almost equally. Prior to the appropriation the property contained 119 acres in the Town of Wawayanda, Orange County. As a result of the taking the tract was divided into two separate parcels, one consisting of approximately 51 acres to the south fronting Route 6; the other, approximately

49 acres to the north fronting on County Road 49. The southerly parcel contained a large residence with garage and farm buildings and the northerly parcel was bisected by a railroad, approximately 32.7 acres lying between the appropriated parcel and the railroad with approximately 16.5 acres on the county road. Claimant's appraiser arrived at a total before value of $128,900, allotting $88,384 for the land and $40,551 to the improvements, and finding that the highest and best use of the property before the appropriation was for interim dairy farm use to hold for future development residentially and industrially. His after values, based on a highest and best use after the appropriation of potential residential or industrial development, totaled $67,700, with $44,764 ascribed to the land and $22,971 to the improvements. The State's appraiser assigned a before value to the land of $800 an acre, or $95,200, with $1,500 for land improvements and $23,300 for the buildings. He found the highest and best use both prior and subsequent to the appropriation to be potential residential subdivision or industrial development, and gave no consequential damage to the buildings due to their limited utility to the best use. He considered only the 32.7-acre parcel between the railroad and the appropriated parcel as having been consequentially damaged, finding the after value of the land to be $61,200. The court arrived at a before value of $128,900, consisting of $104,125 for the land and $1,500 and $23,300 for the improvements and buildings, respectively, as found by the State's expert. It valued the land after the taking at $59,560, with the improvements at $1,500 and the buildings at $19,700. The court adopted a before value of the land of $875 per acre, adding $75 to the value per acre testified to by the State's appraiser, and stated in its decision that " although both parties agreed that property values were rising in .Orange County, no adjustment was made upward to reflect this factor ". However, there is nothing to support an upward adjustment of $75 per acre. (*Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851.) The court further found that the remaining land and buildings suffered from the taking, and allowed consequential damage to the entire remainder. In its finding of highest and best use prior to the appropriation of a dairy farm with residential and industrial development potential, and after the taking, a change to development potential only, consequential damages were justified. (*Flynn* v. *State of New York,* 35 A D 2d 640.) The amount thereof was based on an erroneously determined before land value, further compounded by an after value of the buildings below any figure submitted by the experts' testimony, with no explanation by the court and no basis in the record. Although the total award is within the range of the expert testimony, its components are not and it, therefore, cannot stand. Under the circumstances, we are constrained to reverse the judgment and direct a new trial. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.